**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022[*]
Decided January 6, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1987

| | |
|---|---|
| TRACY LYNN GRIBBEN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:20-cv-00020-MPB-RLY |
| KILOLO KIJAKAZI, | Matthew P. Brookman, |
| Acting Commissioner of Social Security, | *Magistrate Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Tracy Gribben seeks supplemental security income based on an asserted disability. A vocational expert testified that a person with Gribben's background who,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

as the administrative judge found, was limited to light work, could work (as Gribben previously had) as a circuit board assembler or medical assistant. Gribben appeals the district court's judgment upholding the ALJ's decision to deny benefits. Because Gribben waived her appellate arguments by failing to raise them in the district court, and the ALJ's ruling is supported by substantial evidence in any case, we affirm.

Gribben contends that since 2009 she has been unable to work because of back pain, lupus (an auto-immune disorder that causes pain), chronic obstructive pulmonary disease, and fatigue that requires daily naps of up to two hours. Her medical records show some restrictions and managed symptoms. When she sought treatment for back pain in 2008, her doctor recommended that she not lift over 25 pounds or repeatedly bend or twist at work. From 2014 to 2016, after reporting more back pain and trouble sleeping, Gribben received physical therapy. She had a reduced range of motion in her lower back, but full range of motion, strength, and sensation in both legs. Gribben also received treatment in 2016 for shortness of breath, headaches, sinus infections, and bronchitis; she reported a slight improvement of her symptoms. The same year, Gribben also received beneficial treatment for other pain and insomnia.

In 2017, Gribben visited her family physician, Dr. Stanley Tretter. He noted that she had some wheezing and a limited range of motion in her lower back and right hip. But he also observed that she showed a full range of motion in her extremities and intact motor strength and sensation. At the same time, however, in a questionnaire supplied for employment purposes, Dr. Tretter wrote that Gribben's "moderate" conditions prevented her from performing any substantial gainful work.

Gribben testified before an ALJ at an administrative hearing. She recounted her work history (circuit board assembler and medical assistant), asserted that she still had chronic pain and needed to nap for up to two hours daily, and described her routine daily activities (caring for dogs, shopping, and preparing food). A vocational expert testified that a person with Gribben's background and education, limited to light work, could work at either of her prior jobs of assembler or medical assistant. But those jobs, the expert continued, were not available if she needed to nap for an hour daily.

After reviewing this evidence and following the familiar five-step analysis, 20 C.F.R. § 416.920, the ALJ found that Gribben was not disabled. She was not engaged in substantial gainful activity (step one), and had severe impairments (step two), but these did not meet or equal an impairment that rendered her presumptively disabled (step three). The ALJ also assessed that Gribben had the residual capacity to perform

light work, finding that her testimony about disabling pain was not credible. That testimony, the ALJ explained, was belied by, among other things, the reported benefits of her pain treatment, her daily activities, and her nearly normal range of motion. The ALJ also did not credit Dr. Tretter's opinion that Gribben could not work anywhere, reasoning that it conflicted with the comparatively mild limitations that he found during his exam of her. Based on Gribben's capacity for light work, and the vocational expert's testimony that her past work (circuit board assembler and a medical assistant) fit this criterion, the ALJ found that Gribben was not disabled (step four).

The district court, with a magistrate judge presiding by consent, upheld the ALJ's decision. Gribben raised one argument: the ALJ's ruling that she had the residual capacity for light work was wrong in light of Dr. Tretter's opinion that Gribben could not work at any job. In rejecting this argument, the court explained that the doctor's opinion conflicted with his treatment notes from the same day reporting that Gribben's symptoms were generally mild; therefore, the ALJ permissibly discounted it.

On appeal, Gribben raises two new challenges to the ALJ's decision. First, she argues that, by discounting her testimony about her ongoing pain, the ALJ erred in concluding that she could perform her past work as a circuit board assembler or medical assistant. Second, she contends that the ALJ impermissibly ignored the vocational expert's testimony that a person requiring daily, hourlong naps could not work. Gribben waived both arguments by failing to raise them in the district court. *Jeske v. Saul*, 955 F.3d 583, 597 (7th Cir. 2020). Gribben also revives in her reply brief her argument from the district court that the ALJ wrongly discounted Dr. Tretter's opinion. But by presenting that argument in her reply brief, Gribben raised it too late. *See Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016).

Waiver aside, all three of Gribben's arguments fail. We will uphold an ALJ's factual findings underlying a no-disability ruling so long as they are supported by substantial evidence, 42 U.S.C. § 405(g), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). We do not reweigh the evidence or resolve conflicts in it. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

First, substantial evidence supports the ALJ's decision to discount Gribben's assertion of disabling pain and his finding that she can handle light-duty work as a circuit board assembler and medical assistant. Her medical records and daily activities show that she has responded adequately to pain-management treatment and has

relatively mild restrictions on mobility and lifting, permitting light-duty work. The vocational expert concluded that, if Gribben is limited to light-duty work, she can work at either of these two previous jobs. Thus, the ALJ provided a "logical bridge" to find that Gribben is not disabled. *See Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

Moreover, the ALJ did not impermissibly ignore the vocational expert's opinion that no jobs were available to Gribben if she required daily, hourlong naps. True, Gribben asserted that she needed to nap daily for at least an hour. But the ALJ did not find that Gribben faced this daily restriction—and her medical records and daily activities did not require the ALJ to find that she needed daily, hourlong naps. *See Burmester*, 920 F.3d at 510. Thus, the vocational expert's statement (that a person of Gribben's background who required a daily rest hour could not work) was not relevant to whether Gribben was disabled. *See Schmidt v. Astrue*, 496 F.3d 833, 846 (7th Cir. 2007).

Finally, the ALJ permissibly discounted Dr. Tretter's opinion that Gribben could not work at any job. For one thing, as the district court noted, his opinion conflicts with his contemporaneous finding that Gribben faced only "moderate" restrictions and otherwise experienced normal mobility. Therefore, the ALJ reasonably discounted it. *See Burmester*, 920 F.3d at 512. In any case, Dr. Tretter's opinion that no job was suitable for Gribben requires vocational expertise, *see Biestek*, 139 S. Ct. at 1155–56, and Gribben does not argue that Dr. Tretter has such expertise.

AFFIRMED